IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

PLAINTIFF

vs.

Case No. 11-10192-EFM

TONY J. BRUNER, II,

DEFENDANT

ORDER

Defendant Tony J. Bruner, II, moves for the Court to dismiss his indictment, revoke his detention order, and to adopt supplemental material. The matter came before the Court for hearing on May 15, 2012, at 9:30 am. The United States indicated at the hearing that it does not oppose Defendant's motion to adopt supplemental material; therefore, that motion is granted.

**I.     The Court denies Defendant's motion to dismiss.**

Defendant argues that his indictments should be dismissed on the basis of selective enforcement and prosecution, as well as outrageous conduct. The Court finds that Defendant's arguments do not meet the standard set forth in *U.S. v. Armstrong*[1] for selective enforcement and prosecution. Upon the same analysis discussed in earlier rulings on discovery matters in the related

---

[1] 517 U.S. 456 (1996).

cases[2] and Judge Belot's previous rulings[3] on similar motions, the Court denies the motion.

Under the Due Process Clause of the Firth Amendment to the United States Constitution, the government may engage in conduct "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction."[4]  Although a definitive standard for outrageous conduct has yet to be articulated, the Tenth Circuit has stated that "[t]he cases make clear that this is an extraordinary defense reserved only for the most egregious circumstances."[5]  Plaintiff argues that the United States' conduct with respect to its "willingness to place an unwitting young man at risk of retaliation for his actions with no knowledge of the consequences of his conduct"[6] is so outrageousness as to prohibit his prosecution. The Court, however, is not persuaded that this conduct rises to the level contemplated by *Russell*.  The circumstances of Defendant's case are insufficient for the defense; therefore, the Court also denies Plaintiff's motion to dismiss on the basis of outrageous governmental conduct.

**II.     The Court denies Defendant's motion for revocation of his detention order.**

Defendant initially waived his detention hearing before the Magistrate Judge, but now moves for a revocation of his detention order.  18 U.S.C. § 3142 dictates guidelines and considerations for the release or detention of a defendant pending trial.  Section 3142(g) lists factors to be considered in "determining whether there are conditions of release that will reasonably assure the appearance

---

[2] *See, e.g.,* Order Denying Motion to Compel; Denying Motion for Order, *USA v. Stanford*, No. 11-10211 (D. Kan. February 29, 2012), ECF No. 47.

[3] *See, e.g.*, Memorandum and Order Denying Motion to Dismiss Indictment; Denying Motion Pursuant to Rule 17b; Denying Motion to Continue, *USA v. Davis, et al.*, No. 11-10194, (D. Kan. April 12, 2012), ECF No. 68.

[4] *United States v. Russell*, 411 U.S. 423, 432 (1973)

[5] *United States v. Mosley,* 865 F.2d 906, 910 (10th Cir. 1992).

[6] Doc. 37, p. 9.

of a person as required and the safety of any other person and the community."[7]  The factors are:

> "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and character of the person, including –
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at other court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed the person's release."

After consideration of the above factors, the Court denies Defendant's request for revocation of his detention order. The Defendant does not have a place to live if he were released,[8] and his extensive prior history of probation violations does not suggest that he is likely to comply with the strict requirements that would be place upon him if, as he requested, he were released to a halfway house. Further, given the serious nature of the numerous offenses with which the Defendant is charged, his admitted substance abuse history, the factors of 18 U.S.C. § 3142 do not appear to recommend release. The Wichita Police Department reports that Defendant has gang ties, which he denies. The Court concludes that there are no conditions or combination of conditions which would reasonably assure the Defendant's appearance as required nor the safety of the community. All alternatives have been consider. Defendant's motion for revocation of detention is therefore denied.

---

[7] 18 U.S.C. § 3142 (2008).

[8] Prior to his arrest he has resided with his grandmother, but he advised the Court that such residence was no longer an option.

**IT IS ACCORDINGLY ORDERED** that Defendant's Motion to Dismiss (Doc. 37) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Revoke Detention Order (Doc. 45) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Adopt Supplemental Material (Doc. 48) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 22nd day of May, 2012, in Wichita, Kansas.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE